UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROBERT DAVIS,　　　　　　　　　　　　　　　　　　　　　　Civ. Case No.: 24-cv-7754

        Plaintiff,

                       NOTICE OF REMOVAL

 -against-

RYDER TRUCK RENTAL INC. D/B/A RYDER TRUCK
RENTAL LT and RENFORD WAYNE ANDERSON,

        Defendants.
------------------------------------------------------------------------x

TO: THE UNITED STATES DISTRICT COURT
    **FOR THE EASTERN DISTRICT OF NEW YORK**

    Pursuant to 28 U.S.C. §§ 1441 and 1446 et seq., defendants, RYDER TRUCK RENTAL INC. D/B/A RYDER TRUCK RENTAL LT (hereinafter "Ryder") and RENFORD WAYNE ANDERSON (hereinafter "Anderson"), respectfully remove to this Court the within action, which was commenced in the Supreme Court of the State of New York, County of Queens, under Index Number 710235/2024. As grounds for removal, defendants, by their attorneys, London Fischer LLP, respectfully state:

    1. Plaintiff commenced this personal injury action by purchasing an index number and filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Queens, on or about May 14, 2024. True and correct copies of the Summons and Verified Complaint are annexed hereto as Exhibit "A." The Verified Complaint asserts causes of action by ROBERT DAVIS (hereinafter "Davis"), alleging negligence by the defendants in connection with a motor vehicle collision which allegedly occurred on October 5, 2022, on or about the Brooklyn Queens Expressway at or near its intersection with Exit # 18, in the County of Kings, State of New York. *See* Exhibit "A", at ¶19, 25, *et seq.*

2. This is a civil action in which the United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The Verified Complaint indicates that plaintiff is a citizen of the State of New York. *See* Exhibit "A", at ¶1.

3. At the time of the service of the Summons and Complaint, and at the present time, Ryder was, and still is, a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business located at 2333 Ponce De Leon Boulevard, Coral Gables, Florida 33134.

4. At all relevant times, Anderson was and still is a citizen of the State of Maryland, domiciled at and residing at 22 Stirrup Drive, Elkton, Maryland 21921.

5. Anderson was served with the lawsuit on July 30, 2024, via personal service on his spouse, Deneil Anderson, at his residence in Maryland. Ryder was served with the lawsuit on August 6, 2024, via substitute service via the New York Secretary of State, pursuant to Section 306 of the New York Business Corporation Law. Anderson interposed his Answer on August 27, 2024. *See* Exhibit "B." Ryder, represented by the undersigned, has not interposed an answer to the Complaint (but has an extension from plaintiff's counsel) and hereby joins in and consents to this Removal.

6. Plaintiff's Complaint contains no "*Ad Damnum*" clause to establish the amount in controversy. *See* Exhibit "A." Concurrently with the Answers to the Complaint, Anderson served discovery demands and a demand for a Bill of Particulars upon plaintiff, including a demand for an *Ad Damnum* pursuant to New York CPLR 3017(c). *See* Exhibit "C".

7. Plaintiff's Response to Defendants' Combined Demands, dated October 7, 2024 and received on October 11, 2024, includes a Notice Pursuant to New York CPLR 3017(c)

stating that "Plaintiff deems himself entitled to the entire policy." *See* Exhibit "D" (Response only without attachments). Plaintiff served a Bill of Particulars, also dated October 7 and received on October 11, 2024, which does not claim any particular sum certain for monetary damages. *See* Exhibit "E".

        8.      Annexed hereto as Exhibit "F" is the Declarations Page of the Protective Insurance Policy Declarations which insures the defendants. The Policy Declarations confirm that the "entire policy" is $3 Million less a $100,000 self-retention. *See* Exhibit "F".

        9.      The Named Insured on the Protective Policy, Titus Transport Holdings LLC ("Titus"), was defendant Anderson's employer at the time of the subject incident. Titus has not been named as a defendant to date, but we expect Titus to be added as a party defendant, as a motion is currently pending in the State Court to add Titus as a defendant. This Removal will render that that motion moot; however, the undersigned is authorized to stipulate to add Titus as a defendant in the lawsuit now pending before This Court and will accept service of an Amended Complaint once approved by This Court.

        10.      Adding Titus as a Defendant will not defeat diversity. The undersigned is authorized to appear as counsel for Titus, which is a Limited Liability Company was formed in and is domiciled in the State of Texas. The sole member of Titus is Neat Enterprises LLC, which is also a Limited Liability Company formed and domiciled in the State of Texas. The two members of Neat Enterprises LLC, Brent Hagenbuch and Jean Hagenbuch, are citizens of, reside in and are domiciled in the State of Texas.

        11.      Plaintiff's response to our demand for an *Ad Damnum* is (arguably) the first "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. §1446(b). Accordingly, this removal is timely,

having been done within one year of the commencement of the action, and within thirty days after receipt of the plaintiff's *Ad Damnum* response. *See Moltner v. Starbucks Coffee Co.,* 624 F. 3d 34, 38 (2d Cir. 2010)(affirming denial of remand motion where removal filed within 30 days after receipt of plaintiff's *ad damnum*).

12. Defendants Ryder and Anderson are also in possession of written documentation establishing that the amount in controversy exceeds $75,000, having engaged in recent settlement discussions with a representative from Plaintiff counsel's office and having received a written settlement demand of $750,000 on October 28, 2024 and a revised demand of $650,000 on October 29, 2024, both which exceed the $75,000 minimum threshold. *See* Exhibit "G" (emails from counsel's office).

13. Defendants submit that the written settlement demand annexed as Exhibit "G" satisfies Defendants' burden to establish that the amount in controversy exceeds the statutory minimum threshold for diversity jurisdiction. Indeed, a defendant seeking to Remove a case to Federal Court need not make "evidentiary submissions" to establish diversity; rather, a defendant's notice of removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" which should be accepted when made in good faith. See *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 86, 88 (2014).

14. Here, it is more than "plausible" that the amount in controversy exceeds $75,000, given that plaintiff's explicit settlement demand exceeds the minimum amount in controversy by $575,000. Settlement demands have been held sufficient to satisfy the minimum monetary threshold for removal in diversity cases. See *Lopez v. Target Corp.*, 2021 U.S. Dist. LEXIS 180181; 2021 WL 4272292 (W.D.N.Y. 2021)(holding pre-suit demand letter sufficient to establish amount in controversy). See also *Major v. Diageo N. Am., Inc.*, 2022 U.S. Dist. LEXIS

100695; 2022 WL2003490 (S.D.N.Y. 2022)(counsel's sworn declaration as to settlement amounts demanded by plaintiff's counsel to satisfy burden in establishing amount in controversy for diversity jurisdiction).

15. The Documents referenced above constitute "all process, pleadings and orders" known to have been served in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a).

16. A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).

17. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d).

18. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies and Declares, under the penalty of perjury, that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, defendants pray that this action be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
November 6, 2024

                LONDON FISCHER LLP

By: _____
Matthew K. Finkelstein
Attorneys for Defendants
RENFORD WAYNE ANDERSON and
RYDER TRUCK RENTAL INC. D/B/A
RYDER TRUCK RENTAL LT
59 Maiden Lane
New York, New York 10038
(212) 972-1000


TO:    HELEN F. DALTON & ASSOCIATES, P.C.
By: Roman Avshalumov, Esq.
Attorneys for Plaintiff
Robert Davis
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
(718)263-9591